FILED by JS D.C.
ELECTRONIC
July 8, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 08-21930-CIV-COOKE/BANDSTRA

AUGUSTO MEDINA,

      Plaintiff,

vs.

UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION, a South Carolina entity,
UNITED CHRISTIAN EVANGELISTIC
ASSOCIATION OF FLORIDA, LLC, a
Florida Corporation, UNITED
CHRISTIAN EVANGELIST
ASSOCIATION OF FLORIDA, INC., a
Florida Corporation, and UNITED
CHRISTIAN EVANGELIST
ASSOCIATION, INC., a Massachusetts
Corp,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AUGUSTO MEDINA, sues Defendants, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., and UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC., and states as follows:

### GENERAL ALLEGATIONS

1. AUGUSTO MEDINA (hereinafter, "MEDINA") is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

2. UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, (hereinafter, "UCEA") is a South Carolina association, which owns property and conducts business in Miami-Dade County, Florida.

3. UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, LLC, (hereinafter, "UCEA LLC") is a Florida Limited Liability Corporation registered to do business in the State of Florida and is doing business in Miami-Dade County, Florida.

4. UNITED CHRISTIAN EVANGELISTIC ASSOCIATION OF FLORIDA, INC., (hereinafter, "UCEA of Fla.") is a Florida corporation registered to do business in the State of Florida and is doing business in Miami-Dade County, Florida.

5. UNITED CHRISTIAN EVANGELISTIC ASSOCIATION, INC. (hereinafter, "UCEA, Inc.") is a Massachusetts corporation that owns property and conducts business in Massachusetts, but is an integrated enterprise with UCEA, UCEA of Fla. and UCEA LLC, which conduct business in Miami-Dade, Florida.

6. UCEA, UCEA LLC, UCEA of Fla. and UCEA, Inc. are an integrated enterprise because they are highly integrated with respect to ownership and operations.

7. As a result of their relationship, UCEA, UCEA LLC, UCEA of Fla. and UCEA, Inc. are joint employers of Medina because they all used Medina for tasks and controlled his terms and conditions of employment. , UCEA, UCEA LLC, UCEA of Fla. and UCEA, Inc. shall hereinafter be collectively known as "EMPLOYER."

8. MEDINA is a male and, at all material times hereto, was employed by EMPLOYER.

9. MEDINA was, at all pertinent times, an employee of EMPLOYER.

10. EMPLOYER are employers as defined by the Title VII, i.e., they employ 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year for each of the years MEDINA was employed.

*Medina v. UCEA et al.*
*Complaint*
*Page 3 of 8*

11. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.* ("Title VII"), to remedy retaliation and other unlawful, intentional and willful employment discrimination by EMPLOYER against MEDINA.

12. This court has original jurisdiction over such MEDINA's Title VII claim

13. This court has jurisdiction over MEDINA's claims and venue is proper in this court.

14. Rev. Ike is the superior officer and most senior manager of EMPLOYER.

15. Rev. Ike's work is his life. He is completely committed to the ministry he founded and continues to maintain ultimate control over EMPLOYER, including making all final decisions for EMPLOYER.

16. Rev. Ike lives in parsonages owned by EMPLOYER and EMPLOYER pays for all of Rev. Ike's expenses.

17. According to Rev. Ike, Rev. Ike reimburses EMPLOYER by allowing EMPLOYER'S accountants to deduct those expenses not related to the running of EMPLOYER from his yearly compensation from EMPLOYER.

18. Nevertheless, Rev. Ike does not receive compensation on a regular basis and does not maintain a personal bank account to pay any day to day expenses.

19. In fact, most of Rev. Ike's day to day expenses are deemed to be expenses of EMPLOYER, including clothing, food, and living quarters.

20. The operations of EMPLOYER are integrated with the same leadership, the same management, the same accountant, and the same bank accounts.

21. MEDINA was hired in 2001 by EMPLOYER to be a driver for Rev. Ike in Bal Harbour, Florida.

22. At various times in his employment by EMPLOYER, MEDINA worked as a driver, valet, and personal assistant for Rev. Ike.

23. Rev. Ike was MEDINA's supervisor, and MEDINA's primary responsibility was to take direction from Rev. Ike, and perform whatever responsibilities Rev. Ike told him to do. MEDINA was required to do everything Rev. Ike told him to do.

24. As part of his job responsibilities, MEDINA was required to, among other things, dress, massage, manicure, drive, and cater to Rev. Ike's wishes.

25. Upon being hired, MEDINA was trained to provide Rev. Ike massages on his feet and legs by Dean Warner, another personal assistant to Rev. Ike.

26. Eatly on in his employment, MEDINA was giving to Rev. Ike a massage as part of his job responsibilities, Rev. Ike lifted his towel and placed MEDINA's hand on Rev. Ike's penis.

27. During this first incident, MEDINA objected to Rev. Ike's advances.

28. A couple of months later, MEDINA was giving Rev. Ike another massage and Rev. Ike again lifted his towel. Rev. Ike again placed MEDINA's hand on his penis and told MEDINA that if he did not perform sexual acts on him that MEDINA would be fired.

29. Because he was afraid of losing his job, MEDINA performed the sexual acts on Rev. Ike that Rev. Ike demanded.

30. Rev. Ike's behavior continued; Rev. Ike became more insistent, and eventually Rev. Ike required MEDINA, as part of his job responsibilities, to perform oral sex on him.

31. Rev. Ike ejaculated on Plaintiff while and/or after forcing MEDINA to perform oral sex on him.

32. Because he continued to be afraid of losing his job, MEDINA continued to perform sexual acts on Rev. Ike.

33. MEDINA did not consent to any sexual contact with Rev. Ike.

34. MEDINA only performed sexual acts on Rev. Ike because he reasonably believed that if he did not, Rev. Ike would terminate him.

35. MEDINA constantly feared the offensive sexual contact, and made concerted efforts to try to avoid Rev. Ike; he finished his work as quickly as possible so he could try to leave early with the other employees, and he would try to be less sexually appealing to Rev. Ike by dressing sloppily and working outside more to make himself sweaty.

36. As the ultimate decision maker, supervisor, and superior officer of EMPLOYER, Rev. Ike made the decisions regarding MEDINA's continuing employment.

37. There were at least half-dozen incidents of nonconsensual sexual contact required by Rev. Ike of MEDINA.

38. Rev. Ike had been accused of sexual harassment by another personal assistant prior to MEDINA being employed by EMPLOYER.

39. Following the previous allegations, EMPLOYER did not change any policies or procedures to protect future employees from intentional misconduct and sexual harassment by Rev. Ike.

40. MEDINA filed an Equal Employment Opportunity Commission charge of discrimination on July 7, 2004, which was cross filed with the Florida Commission on Human Relations by the EEOC on March 24, 2005.

41. Prior to Rev. Ike having knowledge of the charge filed by MEDINA, Rev. Ike would request that MEDINA return to work.

42. However, after Rev. Ike became aware that MEDINA retained counsel, filed an EEOC Charge of Discrimination, and sued him in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 05-06656 CA 22, he ceased requesting that MEDINA return to work.

43. Other than having to perform oral sex and being sexually harassed, assaulted, and battered by Rev. Ike, MEDINA enjoyed his job.

44. If he was not required to perform oral sex, he would have returned to his position with UCEA and Rev. Ike.

45. As a result of Rev. Ike's refusal to rehire MEDINA as a result of his filing a Charge of Discrimination, MEDINA filed a second Charge of Discrimination on November 19, 2007. On June 19, 2008, MEDINA received a right to sue.

46. MEDINA intends to seek to join for the State Court action to his action pursuant to Federal Rule of Civil Procedure 18. The State Court action is currently not at issue and therefore, there is no prejudice to EMPLOYER for joining the actions together in the interest of judicial economy.

47. All conditions precedent to the filing of this action have been performed, satisfied, or waived.

48. MEDINA has retained the undersigned law firm and agreed to pay the firm a reasonable attorney's fees and costs for its services.

## **COUNT I: RETALIATION – TITLE VII**

49. MEDINA adopts and realleges the allegations of paragraphs 1 through 46, above.

50. This is an action for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.* ("Title VII") against EMPLOYER.

*Medina v. UCEA et al.*
*Complaint*
*Page 7 of 8*

51. Among other things, EMPLOYER, through its agents and employees, subjected MEDINA to unlawful retaliation.

52. By refusing to perform sexual acts initially, by clearly opposing the sexual acts that he was being forced to perform thereafter, and by filing and EEOC Charge of Discrimination, MEDINA opposed Rev. Ike's behavior.

53. Rev. Ike, as superior officer and ultimate decision maker for EMPLOYER, has denied and will deny MEDINA opportunities for employment with EMPLOYER on the basis of his having filed a Charge of Discrimination with the EEOC and this lawsuit, which is a violation of Title VII.

54. EMPLOYER is directly liable.

55. EMPLOYER is liable as an integrated enterprise.

56. EMPLOYER is liable as a joint employer.

57. As a direct and proximate result of the retaliation he experienced, MEDINA has suffered and will continue to suffer, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses for which compensatory and punitive damages should be awarded to him.

58. The conduct directed toward MEDINA violates the Title VII's proscription against retaliation, for which punitive damages should be assessed.

WHEREFORE, Plaintiff MEDINA, demands entry of judgment against EMPLOYER for damages including back pay, front pay, benefits, other lost compensation, compensatory damages, including but not limited to damages for physical and emotional pain and suffering, punitive damages, interest, reasonable attorneys' fees and costs, and any such other and further relief that this court deems just

*Medina v. UCEA et al.*
*Complaint*
*Page 8 of 8*

and proper.

## DEMAND FOR JURY TRIAL

59. MEDINA demands a trial by jury on all issues so triable in this cause.

Dated this 8th day of July, 2008.

        Respectfully submitted,

        HANKINS & ATOR, PL
        Attorneys for Plaintiff
        371 North Royal Poinciana Boulevard
        Miami Springs, FL 33166
        Telephone: (305) 863-8525
        Telecopier: (305) 863-8535


        By: _/s/ Jennifer J. Ator_
        Jennifer J. Ator
        jja@hankinsator.com
        Florida Bar No. 0120911

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by _____ D.C.
ELECTRONIC
July 8, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**
Augusto Medina

**DEFENDANTS**
United Christian Evangelstic Association,
United Christian Evangelstic Association of Florida, LLC, a Florida

(b) County of Residence of First Listed Plaintiff **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jennifer J. Ator; HANKINS & ATOR, PL
371 N. Royal Poinciana Boulevard; Miami Springs, FL 33166
(305) 863-8525

Attorneys (If Known)

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade Co. 08 CV 21930 Cooke/Bandstra

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ✓ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |

**V. ORIGIN** (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed-(see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ✓ YES ☐ NO
JUDGE **Donald L. Graham**   DOCKET NUMBER **05-21516 CIV Graham**

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964; 42 U.S.C. 2000(e)

LENGTH OF TRIAL via __5__ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD  /s/ Jennifer J. Ator
DATE 6/8/08

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 983354
07/08/08