UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-21930-CIV  COOKE/BANDSTRA

AUGUSTO MEDINA,

        *Plaintiffs*,

v.

UNITED CHRISTIAN EVANGELISTIC ASSOCIATION*, et al*.,

        *Defendants*.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss [DE 8], filed in Case Number 08-21930-CIV.  The Defendants named in this action include all of the business entities but not Frederick Eikerenkoetter (hereinafter "Rev. Ike") individually.[1]  The motion is fully briefed and ripe for adjudication.

**Background**

The sordid details of the allegations in this case will be kept to a minimum.  The facts sufficient to properly address this motion are as follows.  Plaintiff, Augusto Medina, was hired in 2001 by UCEA[2] as a driver for Rev. Ike.  He was also required to act as Rev. Ike's valet and personal assistant.  His duties, at various times, included dressing, massaging, manicuring, and otherwise catering to Rev. Ike.  During the course of his employment, Medina was also required

---

[1]Case Number 08-22111-CIV was consolidated with the present action, and administratively closed.  *See* DE 12.  The pending Motion to Dismiss in that case, which does name Eikerenkoetter as an individual defendant, will be addressed by separate order.

[2]Plaintiff alleges that United Christian Evangelistic Association, United Christian Evangelistic Association of Florida ,LLC, United Christian Evangelistic Association of Florida, Inc., and United Christian Evangelistic Association, Inc., were his joint employers.  Defendants have not disputed this allegation.  For ease and clarity, the acronym UCEA, as used in this order, shall refer to all named Defendants in this case.

to perform sexual acts upon Rev. Ike. In the course of approximately three years, Medina performed sexual acts on Rev. Ike at least six times. Medina alleges that he objected to performing these acts, but conceded to performing them for fear of losing his job. On July 7, 2004 Medina filed an Equal Employment Opportunity Commission (EEOC) Charge of Discrimination, which was cross-filed with the Florida Commission on Human Relations on March 24, 2005[3]. Plaintiff also initiated suit against Rev. Ike and UCEA in the 11th Judicial Circuit in and for Miami-Dade County, Florida. Medina claims that as a result of his objections, the discrimination charges and the law suit, Rev. Ike "ceased requesting that [Medina] return to work." Medina filed a second EEOC charge of discrimination alleging retaliation in the form of failure-to-hire, or more accurately here, failure-to-re-hire. Shortly after receiving his Right to Sue notice on June 19, 2008, Medina filed the complaint at issue. The crux of Medina's complaint, and the only enumerated count therein, is that UCEA, through Rev. Ike, violated Title VII's[4] proscription against retaliation by refusing to employ him after he objected to Rev. Ike's sexual demands, filed the first EEOC charge, and initiated suit in state court.

**Standard of Review**

For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept plaintiff's allegations as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 214715, *1 (S.D. Fla Jan. 24, 2008) ("When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.") (citing *Hishon*, 467 U.S. at 73). This, however, does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the

---

[3]For sake of clarity, although not stated in the complaint and not relevant to the disposition of this motion, it appears from the record that Plaintiff's employment with UCEA ceased in April 2004.

[4]Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

elements of a claim supported by conclusory labels. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts . . . ." standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Finally, at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp.2d 1287 (S.D. Fla. 2000).

**Discussion**

Defendants argue two grounds for the dismissal of Plaintiff's complaint. First, they argue that the EEOC Charge of Discrimination for retaliation based on failure-to-re-hire was untimely. Second, Defendants argue that Medina failed to establish a prima facie case of retaliation under Title VII and therefore dismissal is proper. Because I find that Plaintiff has failed to establish a prima facie case of retaliation, I need not address the question of the timeliness of the EEOC charge.

"[A] plaintiff alleging a retaliation claim under Title VII must begin by establishing a prima facie case; the plaintiff must show (1) that [he] engaged in statutorily protected activity, (2) that an adverse employment action occurred, and (3) that the adverse action was causally related

to the plaintiff's protected activities." *Coutu v. Martin County Bd. of County Com'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995). More specifically, in claims of retaliation based on failure-to-hire, a plaintiff must also present a prima facie case "(1) that [he] is a member of a protected class, (2) that [he] applied and was qualified for the job, (3) that despite [his] qualifications, [he] was rejected, and (4) that the position remained open or was filled by a person outside the protected class." *Id*. at 1073 (footnote omitted). *See also Morgan v. Federal Home Loan Mortg. Corp.*, 328 F.3d 647, 651 (D.C. Cir. 2003) ("Where, as here, the plaintiff claims that the retaliation took the form of a failure to hire, the plaintiff must also show: 4) that he applied for an available job; and 5) that he was qualified for that position."); *Samedi v. Miami-Dade County,* 134 F.Supp.2d 1320, 1344 (S.D.Fla.. 2001) (listing the elements of a prima facie case of failure-to-hire as: "(1) plaintiff is a member of a protected class; (2) plaintiff was qualified for, and applied for, a job; (3) defendant/employer rejected plaintiff for that job; and (4) other equally or less qualified people who were not members of the protected class were hired for that position.").

Medina's complaint fails to present a prima facie showing that he a re-applied and was qualified for the position, that despite his qualifications, he was rejected, and that the position remained open or was filled by a person outside the protected class. He does not claim to have applied or re-applied for any position, and subsequently cannot claim that he was rejected. There is no statement in the complaint even touching on whether the position has remained open or has been filled by a person outside the protected class. Moreover, Plaintiff's response to Defendants' Motion to Dismiss is utterly devoid of any argument in opposition to Defendants' claims that Medina was required to re-apply and failed to do so. Instead, Plaintiff argues, without citing any legal support, that the current complaint must be read in light of the original state court lawsuit which was removed and is pending before me as Case Number 08-22111-CIV. Although these two cases have been consolidated because they are related, *see* DE 12, the standard for a motion

to dismiss has not changed; I am bound by the four corners of the complaint, not the eight corners of the two complaints.  *See Crowell*, 87 F. Supp.2d at 1290.  Furthermore, even if, as Plaintiff argues, the allegations of retaliation relate back to the initial charge of discrimination, that does not correct the deficiencies in the complaint.

**Conclusion**

The motion to dismiss currently before me addresses a complaint in which the only claim made is one for retaliation based on failure-to-re-hire.  Plaintiff fails to allege in that complaint, let alone make a prima facie showing, that the elements of such a retaliation claim have been met.  Accordingly, the complaint fails to state a claim upon which relief can be granted, and is hereby **DISMISSED**.  Defendant's Motion to Dismiss [DE 8] is **GRANTED**.  The Clerk is directed to **CLOSE** this Case.  Any pending motions are **DENIED** *as moot*.  Further, the Clerk is instructed to **RE-OPEN** Case Number 08-22111-CIV which was administratively closed upon consolidation with this case.

**DONE and ORDERED** in chambers, Miami, Florida, this 27th day of February 2009.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*